UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEW YORK LIFE INSURANCE
COMPANY,

      Plaintiff,

v.

MARY E. SCRIMGER ET AL,

      Defendants.
_____/

Case No. 2:19-cv-10146

SENIOR U. S. DISTRICT JUDGE
ARTHUR J. TARNOW

U. S. MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND INTERPLEADER RELIEF [27]**

This is an interpleader matter involving the death benefit of William Patrick McNeight ("Insured"), who was insured under a life insurance certificate A6529740 ("Policy") issued by Plaintiff New York Life Insurance Company. Plaintiff filed an Interpleader Complaint to resolve Defendants' competing claims as to the death benefit in the amount of $25,000 ("Death Benefit"). Defendants against whom the default judgment is sought failed to respond to the Interpleader Complaint. Consequently, Plaintiff seeks default judgment against Defendants Mary E. Scrimger, Christine Bradley, William McNeight and Ryan McNeight, as well as an order to deposit the Death Benefit pursuant to FED. R. CIV. P. 67 and be discharged from this case and free from future liability.

I.   **Background**

The Insured applied for term life insurance benefits in the amount of $25,000 on or about August 24, 2012. (ECF No. 27-3; ECF No. 27-4). At the time of enrollment, the Insured designated Mary E. Scrimger and Jacquelyn A. Ireland as co-equal beneficiaries of the policy. (ECF No. 2, ¶12). The Insured died on August 2, 2015. (ECF No. 2, ¶13). On August 27, 2015 and October 27, 2015, Plaintiff wrote to Mary E. Scrimger and Jacqulyn A. Ireland requesting a certified death certificate and asked that a claim form be completed by each beneficiary. (ECF No. 2, ¶15).

Subsequently, counsel for Christine Bradley advised Plaintiff that a Probate Court in Wayne County, MI ("Probate Court") entered an Ex Parte Temporary Restraining Order, dated October 15, 2015, enjoining financial institutions, including Plaintiff, from distributing beneficiary assets. (ECF No. 2, ¶16). In Probate Court, Christine Bradley claimed that prior to her father's death, he called a family meeting and stated that he wished to distribute his beneficiary designated assets, including the Death Benefit, to his six children in equal shares. The Probate Court dissolved the Ex Parte Temporary Restraining Order on February 22, 2016. On September 25, 2018, Defendant Christine Bradley filed a Motion for Temporary Restraining Order over the Policy and asked the Probate Court to impose a constructive trust. (ECF No. 2, ¶20). On November 13, 2018, the Probate Court denied the motion and stated that it did not have jurisdiction "because there is a beneficiary on the Policy." (ECF No. 27-7). The

Probate Court further ordered that Plaintiff may seek disposition of this matter by filing an Interpleader action in the United States District Court. (*Id.*).

## II. Procedural History

Plaintiff filed an Interpleader Complaint [2] on January 15, 2019 against Defendants to resolve their competing claims to the Death Benefit. Defendants are all children of the Insured, William Patrick McNeight.

On February 6, 2019, Phillip L. Sternberg filed a Notice of Appearance on Julianne McNeight's behalf. (ECF No. 9). On February 13, 2019, a Waiver of Service returned executed on behalf of Jacquelyn A. Ireland. (ECF No. 10). On the same date a Waiver of Service returned executed on behalf of Julianne McNeight. (ECF No. 11). On February 24, 2019, Mary E. Scrimger was served. (ECF No. 15). On March 4, 2019, a Waiver of Service was executed by counsel for William McNeight. (ECF No. 12). On March 12, 2019, a Waiver of Service returned executed on behalf of Christine Bradley. (ECF No. 13). On May 12, 2019, Ryan McNeight was served. (ECF No. 18).

On July 12, 2019, Plaintiff requested a Clerk's Entry of Default as to Mary E. Scrimger, Christine Bradley, and William McNeight. (ECF No. 19; ECF No. 20; ECF No. 21). The Clerk of the Court entered Defaults on July 15, 2019. (ECF No. 22; ECF No. 23; ECF No. 24). On July 31, 2019, Plaintiff requested, and the Clerk of the Court entered, Default as to Ryan McNeight. (ECF No. 25; ECF No. 26).

To date, only two Defendants have filed answers to the Complaint: Jacquelyn A. Ireland and Julianne McNeight, on March 21, 2019 and April 8, 2019, respectively.

(ECF No. 14; ECF No. 16). On November 1, 2019, Plaintiff subsequently filed this Motion for Default Judgment [27] against the remaining Defendants Mary E. Scrimger, Christine Bradley, William McNeight and Ryan McNeight.

### III.  Default Judgment

The rules governing the issuance of default judgments are found in the FED. R. CIV. P. 55. A defendant defaults when she fails to answer within 21 days of being served with the summons and complaint. FED. R. CIV. P. 12(a)(1)(A)(i). Alternatively, when the service is timely waived, a defendant defaults when she fails to answer within 60 days after the request for a waiver was sent. FED. R. CIV. P. 12(a)(1)(A)(ii).

Default judgment is appropriate here. In the period from February 24, 2019 to May 12, 2019 Mary E. Scrimger, Christine Bradley, William McNeight and Ryan McNeight were all served and/or waived service and did not file an answer or motion to dismiss within 21 or 60 days respectively. To date, Defendants Mary E. Scrimger, Christine Bradley, William McNeight and Ryan McNeight have failed to answer[1] or otherwise appear before the Court[2]. There is no indication that Defendants Mary E. Scrimger, Christine Bradley, William McNeight and Ryan McNeight are serving in the military, are minors or incompetent. (ECF No. 27-4; ECF No. 27-5; ECF No. 27-9). The Court does not need to hold a hearing to conduct an accounting as the amount of

---

[1] Counsel for Christine Bradley stated in the email dated March 11, 2019 that they will not be responding to the Interpleader or filling an Appearance. (ECF No. 27-8).
[2] The parties, including counsel for Plaintiff, failed to appear at a status conference set for June 11, 2019. (ECF No. 17).

the Death Benefit is undisputed. Consequently, the default judgment requested by Plaintiff is appropriate here.

### IV.  Interpleader

"Interpleader is an equitable proceeding that 'affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding.'" *United States v. High Tech. Prods., Inc*., 497 F.3d 637, 641 (6th Cir. 2007) (quoting 7 Charles Alan Wright, et al., Federal Practice and Procedure § 1704 (3d ed. 2001)). An interpleader proceeding contains two stages. "During the first stage, the court determines whether the stakeholder has properly invoked interpleader, including whether the court has jurisdiction over the suit, whether the stakeholder is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader . . . [d]uring the second stage, the court determines the respective rights of the claimants to the fund or property at stake via normal litigation processes, including pleading, discovery, motions, and trial." *Id.* This order addresses the first stage. "Once the court concludes that interpleader is available, it typically: (a) orders the stakeholder to deposit with the court the fund or property at issue; (b) discharges the stakeholder if it is a disinterested party; (c) enjoins the parties from prosecuting any other proceeding related to the fund or property; and (d) directs the claimants to litigate their claims to the property or fund at issue." *Allstate Life Ins. Co. v. Shaw*, No. 15-11761, 2016 WL 1640461, at *3 (E.D. Mich. Apr. 26, 2016).

A party may invoke interpleader through Federal Rule of Civil Procedure Rule 22 ("rule interpleader") or 28 U.S.C. § 1335 ("statutory interpleader"). *Lindenberg v. Jackson Nat'l Life Ins. Co.*, 912 F.3d 348, 355–56 (6th Cir. 2018). Statutory interpleader is plead here. To satisfy jurisdiction under statutory interpleader, plaintiff must plead: "(1) the existence of actual or potential conflicting claims to a limited fund or property held by the stakeholder; (2) an amount in controversy of at least $500; and (3) minimal diversity among the competing claimants." *Id.* At this point in the litigation, the Court only addresses whether Plaintiff properly invoked interpleader. *Prudential Ins. Co. of Am. v. Amarante*, No. 18-CV-13618, 2019 WL 1397247, at *2 (E.D. Mich. Mar. 28, 2019) ("A 'named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted.'") (quoting *Unum Life Ins. Co. of Am. v. Lytle*, No. 18-13234, 2019 WL 668159, 2019 U.S. Dist. LEXIS 25939 (E.D. Mich. Feb. 19, 2019)).

The Court finds that Plaintiff has properly invoked interpleader in this case. First, Plaintiff submitted evidence of competing claims. Namely, Plaintiff relied on the attempted challenge of the beneficiary designation for the Death Benefit in a probate matter. (ECF No. 2-2). The Probate Court made no final disposition as to the beneficiary of the Death Benefit because it lacks of jurisdiction. (ECF No. 27-8). Additionally, the Death Benefit remains due and there is no indication that the parties have reached settlement. The potential for competing claims therefore remains.

Second and third, the Death Benefit amount is over $500, and diversity of citizenship exists between the remaining competing claimants. Julianne McNeight is domiciled in Michigan and Jacquelyn A. Ireland is domiciled in Florida. (ECF No. 2; ECF No. 14; ECF No. 16).

Having carefully reviewed Plaintiff's documentation in support of the Motion for Default Judgement and Interpleader Relief, the Court finds that Plaintiff has established the right to the relief sought.

Accordingly,

**IT IS ORDERED** that New York Life's Motion for Default Judgment [27] against Defendants Mary E. Scrimger, Christine Bradley, William McNeight and Ryan McNeight is **GRANTED**.

**IT IS FURTHER ORDERED** that within 21 days of New York Life's receipt of this Order, New York Life must deposit the Death Benefit in the amount of $25,000 with the Clerk of this Court. The Clerk shall deposit the Death Benefit into an interest-bearing account in the Registry of this Court. The Death Benefit shall remain on deposit until further order of this Court.

The Clerk shall deduct a fee for handling of the funds, as authorized by the Judicial Conference of the United States and as set by the Director of the Administrative Office at or equal to ten percent (10%) of the income earned for deduction in the investment held and without further order of the Court.

**IT IS FURTHER ORDERED** that upon depositing the Death Benefit in accordance with this Order, New York Life is discharged from any and all liability to Defendants relating to or arising out of the Policy and/or Death Benefit.

**IT IS FURTHER ORDERED** that New York Life is hereby dismissed from this action with prejudice.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction over Jacquelyn A. Ireland and Julianne McNeight to determine the rights of the parties to the Death Benefit paid into the Court by New York Life.

**SO ORDERED**.

Dated: September 17, 2020

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge